# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIVIDAD GUTIERREZ,<br><br>           Plaintiff,<br><br>      v.<br><br>PEDRO FALCON, aka PEDRO FALCON MARQUEZ, dba CARNICERIA Y TAQUERIA LOS COMPADRES, et al.,<br><br>           Defendants. | Case No.  1:13-cv-01818-AWI-GSA<br><br>ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Doc. 16) |

## BACKGROUND

Plaintiff Natividad Gutierrez ("Plaintiff") brought this action against Defendants Pedro Falcon, John S. Sun, Jane V. Sun, and Christopher S. Sun (collectively "Defendants") under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and related California disability laws.  Plaintiff, who is physically disabled and uses a wheelchair, alleges that he suffered discrimination during a visit to the business complex and/or facility known as Carniceria y Taqueria Los Compadres (the "Facility") which is owned, operated and/or leased by Defendants.  Doc. 2, ¶¶ 1, 7, 8.  Plaintiff alleges that his use and enjoyment of the goods, services, and accommodations offered by the Facility were impeded by barriers to access

1

that he personally encountered on the day of his visit, including the lack of a van-accessible parking space, an excessively steep and narrow ramp, and an excessively heavy entrance door. Doc. 2, ¶¶ 10, 11.  Plaintiff seeks, *inter alia*, injunctive and declaratory relief, monetary damages pursuant to provisions of California law, attorney fees and costs of suit.  Doc. 2 at 8-9.

Pending before the Court is Plaintiff's motion to amend his original complaint pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiff seeks to amend his complaint to include allegations that the Facility has additional barriers to access related to his disabilities beyond those identified in the original complaint.  Doc. 16-2, ¶ 11.  Plaintiff's original complaint included only the barriers that Plaintiff personally encountered when visiting the Facility.  Doc. 2, ¶ 10.  The additional barriers Plaintiff now seeks to include were identified pursuant to a site-inspection conducted after the filing of the original complaint.  Doc. 16-1 at 2.

The Court's scheduling order set a deadline of April 18, 2014 for filing motions for leave to amend the pleadings.  Doc. 15.  Plaintiff timely filed the instant motion to amend the complaint on April 18, 2014.  Doc. 16.  Defendants did not file any opposition to Plaintiff's motion.  The matter was set for hearing on May 23, 2014 but was taken under submission on the papers pursuant to Local Rule 230(g).  Doc. 17.

For the reasons set forth below, Plaintiff's motion for leave to file a first amended complaint is GRANTED.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.  Rule 15 provides that a complaint may be amended once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading.  Rules 15(a)(1)(A) and (B), Fed. R. Civ. P.  Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only

2

with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Rule 15(a)(2). As a general matter, courts apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *also see DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality") (parentheses in original, internal quotation marks omitted).

In determining whether to grant leave to amend, courts consider a number of factors identified by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962). These factors, known as the *Foman* factors, include (1) bad faith on the part of the movant; (2) undue delay or dilatory motive on the part of the movant; (3) repeated failure on the part of the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Eminence Capital*, 316 F.3d at 1052; *also see Griggs v. Pace. Amer. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (consideration of a motion to amend based on *Foman* factors "should generally be performed with all inferences in favor of granting the motion").

The *Foman* factors do not all merit equal weight. Rather, the Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight," such that "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052 (citations and internal quotation marks omitted). Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original); *see also DCD Programs*, 833 F.2d 186-87 (noting that the party opposing amendment "bears the burden of showing prejudice" and that "delay, by itself, is insufficient to justify denial of leave to amend").

**DISCUSSION**

The Court has reviewed Plaintiff's proposed amendments and considered the applicable *Foman* factors. In light of the fact that Defendants have not filed an opposition, leave to amend is granted. The Ninth Circuit has held that "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 944 (9th Cir. 2011); *also see Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) ("[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability"). Plaintiff's proposed amendments appear to be reasonably related to his disabilities and are proper under *Chapman* and *Doran*. Moreover, there is no evidence that that Plaintiff seeks to unduly delay the proceedings or that the amendment will otherwise prejudice the Defendants. Similarly, there is nothing to suggest that the amendment is sought in bad faith. Given that all applicable *Foman* factors favor allowing Plaintiff's proposed amendment, the motion for leave to file a first amended complaint is GRANTED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint is GRANTED;
2. Plaintiff shall file a signed copy of the proposed first amended complaint submitted as Doc. 16-2 within two (2) days from the date of this order; and

///

4

3. Defendants shall have twenty-one (21) days from the date Plaintiff files the first amended complaint to file a responsive pleading.

IT IS SO ORDERED.

Dated:   **June 17, 2014**                          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE